Signed and Filed: December 23, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No: 10-30596 TEC |
| TOWN SKY, INC., | Chapter 7 |
| Debtor. | |

**MEMORANDUM RE MOTION TO QUASH SUBPOENAS**

On August 9, 2011, Seiko Epson Corporation, Epson America, Inc., and Epson Portland, Inc. (collectively "Epson") filed ex parte applications to take examinations of Seine Entities, Nano Pacific Corp., Ninestar Technology Company, Ltd., and Ziprint Image Corp. (collectively the "2004 Entities") pursuant to Federal Rule of Bankruptcy Procedure 2004.

On August 11, 2011, Ninestar Technology Co. Ltd. filed opposition to the applications for Rule 2004 examinations.

On September 14, 2011, the court entered orders granting the applications for Rule 2004 examinations of the 2004 Entities.

On September 21, 2011, Epson served subpoenas duces tecum on the 2004 Entities requiring production of documents by October 14, 2011 at 5:00 p.m. and Rule 2004 examinations to be conducted between October 25, 2011 and November 2, 2011 (the "Subpoenas for

MEMORANDUM RE MOTION TO QUASH    -1-

Rule 2004 Examinations").

On October 5, 2011, Ninestar Technology Co. Ltd. filed an objection to the Subpoenas for Rule 2004 Examinations.

On October 13, 2011, the 2004 Entities filed a Motion to Quash the Subpoenas for Rule 2004 Examinations (the "Motion to Quash").

On December 19, 2011, the court held a hearing on the Motion to Quash. Diane Stanfield appeared for the 2004 Entities. Valerie Roddy appeared for Epson. Reidun Stromsheim appeared as the chapter 7 trustee. Upon due consideration, and for the reasons stated on the record at the hearing, the court hereby resolves the Motion to Quash as follows:

(1) Except as otherwise provided in this memorandum, the Motion to Quash should be denied, because the 2004 Entities have the burden of proof to demonstrate that compliance with the subpoenas would be unduly burdensome, and because the 2004 Entities have not demonstrated that Epson's request for production of documents was unduly burdensome in comparison to the relevance of the documents, the need for the documents, the breadth of the request, the time period covered by the request, and the particularity of the request. See Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).

(2) On or before January 20, 2012, the 2004 Entities shall produce and permit inspection and copying of all documents listed in "Attachment A" of the Subpoenas for Rule 2004 Examinations not subject to a claim of privilege.

(3) At this time, the court declines to determine whether the 2004 Entities have waived any objections regarding privilege, but the court notes the following: that the limitations period under 11

MEMORANDUM RE MOTION TO QUASH     -2-

U.S.C. § 546(a) for the trustee to file an avoidance action is February 22, 2012, that there is no evidence the 2004 Entities have agreed to toll the limitations period, and that the 2004 Entities filed the Motion to Quash on October 13, 2011 without setting a hearing on the matter. Under these circumstances, the court orders that on or before January 20, 2012, the 2004 Entities shall each: (a) file and serve upon Epson a privilege log identifying all documents listed in "Attachment A" of the Subpoenas for Rule 2004 Examinations in which a privilege is claimed; and (b) provide the court with a copy of all documents in which a privilege is claimed for in camera inspection.

    (4) On or before January 31, 2012, the 2004 Entities shall make each witness identified in the Subpoenas for Rule 2004 Examinations available for an examination, except Jackson Wang.

    (5) Jackson Wang will not necessarily be required to be available for a Rule 2004 examination on or before January 31, 2012, because Epson has not demonstrated that Jackson Wang regularly transacts business in the United States. See Fed. R. Bankr. Pro. 45(c)(3)(A)(ii). Jackson Wang shall appear for a Rule 2004 examination upon his next return to the United States, and shall advise counsel for Epson at least 72 hours before he next arrives in the United States of the dates, times, and locations that he will be available for an examination. Upon proof that Mr. Wang did not provide such notice and make himself available, the court may find Mr. Wang in contempt.

**\*\*END OF MEMORANDUM\*\***

MEMORANDUM RE MOTION TO QUASH   -3-

Case: 10-30596  Doc# 141  Filed: 12/23/11  Entered: 12/27/11 10:43:53  Page 3 of 4

**Court Service List**

Nano Pacific Corp.
c/o Agent for Service
Kathy Chao
333 Twin Dolphins Drive, Ste 230
Redwood Shores, CA 94065


Ninestar Technology Company, Ltd.
c/o Agent for Service
Xiaoquin Ji
17950 East Ajax Circle
City of Industry, CA 91748


Town Sky, Inc.
263 Utah Avenue
South San Francisco, CA 94080


Seine Tech (USA) Co. Ltd
c/o Agent for Service
Hannah Hua Ai
19805 Harrison Avenue
Walnut, CA 91789


Ziprint Image Corp.
c/o Agent for Service
19805 Harrison Avenue
Walnut, CA 91789